### STATE v. HERMAN H. COFFEY.

(Filed 20 September, 1961.)

**1. Criminal Law § 159—**

 Assignments of error not brought forward in the brief will be deemed abandoned. Rule of Supreme Court No. 28.

**2. Criminal Law § 79; Searches and Seizures § 1—**

 G.S. 15-27.1, proscribing the introduction of evidence obtained by illegal search, relates solely to evidence and not to substantive law, and does not alter the law as to when a search warrant is required, and therefore the statute does not render incompetent evidence obtained by a search without a warrant in those instances in which a warrant is not required.

**3. Same—**

 Immunity to a search without a warrant is a personal right which may be waived, and where the husband of the owner of a car is an occupant therein and has the car's registration card in his possession, and the driver of the car consents to a search of the car by an officer, he may not object to the admission of evidence obtained by the search, since if he was a mere guest passenger he had no ground to object to the search, and if he had custody of the vehicle and joint control with the driver, his failure to assert his immunity to the search without a warrant amounts to a voluntary consent to the search.

**4. Intoxicating Liquor § 13c—**

 Evidence tending to show that the husband of the owner of an automobile, with the registration card in his possession, was sitting therein

on the front seat with intoxicating liquor between his knees as the car was being driven by another in a direction away from the town in which the whiskey had been purchased that day, and that he directed the disposition of the car after the whiskey was found, *is held* sufficient to support an inference that he had custody of the car and was in at least joint control thereof, and therefore that he was in possession of the whiskey.

**5. Criminal Law § 136—**

Whether defendant has violated the terms of a suspended sentence is for the determination of the court and not a jury, and it is not required that the alleged violation of the suspended sentence be proved beyond a reasonable doubt but only that the evidence be sufficient to satisfy the judge, in the exercise of his sound discretion, that the defendant had violated such terms.

**6. Same—**

On appeal from an order of an inferior court putting into effect a suspended sentence, on the ground that defendant had been convicted of illegal possession of intoxicating liquor, the hearing in the Superior Court is *de novo*, and the Superior Court may hear evidence of the violation of the terms of suspension irrespective of any conviction, and its order activating the sentence upon its findings of violation of the terms of suspension is an independent order which is not predicated upon any findings of the inferior court.

**7. Criminal Law § 92—**

A motion to reopen the case for additional evidence is addressed to the sound discretion of the trial court, and where the record does not disclose any motion for continuance or for time to prepare for defense on the phase of the case to which the additional evidence relates, the contention that defendant was taken by surprise is untenable.

**8. Criminal Law § 136—**

Where a sentence is suspended upon condition that defendant not have intoxicating liquor in his possession for the period of suspension, the court may activate the sentence upon a finding that defendant had intoxicating liquor in his possession on a specified date, even though the criminal charge predicated upon such possession is still pending, since such possession would violate the terms of the suspension even though such possession was legal and did not violate any criminal law of the State.

APPEAL by defendant from *Clarkson, J.,* May 1961 Term of RUTHERFORD.

Defendant was convicted in the Recorder's Court of Rutherford County on 6 July 1959 on charges of possessing illicit liquor and possessing illicit liquor for the purpose of sale. Judgment was entered imposing a prison sentence for a term of 12 months. By and with the consent of defendant the prison sentence was suspended for a period

of 5 years upon conditions, among others, "(3) that he not have in his possession any intoxicating beverages . . . ; (4) that he be and remain of good behavior and not violate any of the criminal laws of North Carolina . . . ."

On 20 March 1961 the solicitor of Recorder's Court moved that the suspended sentence be put into effect, and offered evidence tending to show that on 3 March 1961 the sheriff of Rutherford County stopped a car, operated by Boyd Sisk, in which defendant was riding, and that defendant had a gallon of taxpaid whiskey "between his legs." The judge of Recorder's Court found as a fact that defendant "did on 3rd day of March 1961 have in his possession a quantity of intoxicating beverages," and entered judgment directing that defendant serve the prison sentence theretofore suspended. Defendant appealed to Superior Court.

The matter was heard in Superior Court during the May 1961 term. The court heard evidence with respect to the alleged possession of whiskey by defendant in the automobile on 3 March 1961, and took the matter "under advisement." Later in the term, on motion of the solicitor, the hearing was reopened and the court heard evidence to the effect that defendant on 23 December 1960 had in his possession three pints of whiskey in the home of Ben Johnson and was seen to carry the whiskey to a refrigerator and place it therein.

The court found facts in considerable detail, and finally, in summary, found as follows: ". . . . as a matter of law . . . the defendant, Herman H. Coffey, has wilfully violated the terms of the suspended sentence in the judgment of Recorder's Court of July 6, 1959, in that during the five years for which period the sentence of 12 months was suspended, that the defendant had in his possession intoxicating beverages, including whiskey, and the said wilful violation was committed in each of the two offenses set forth in the evidence and the finding of fact, namely, in the car driven by Boyd Sisk in which the defendant was riding with the whiskey between his knees and also the incident in which the defendant had three pints of whiskey in his hand taking them to the refrigerator in the Johnson home." Upon these findings the court entered judgment putting the suspended sentence into effect.

Defendant appealed and assigned errors.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*Hamrick & Hamrick for the defendant.*

MOORE, J. Defendant made eleven assignments of error based on

seventeen exceptions. Assignments 2, 5, 8, 10 and 11 are not brought forward in the brief and no reason or argument is stated or authority cited in support thereof, and they are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court. 221 N.C. 563.

With respect to the occurrence of. 3 March 1961 when defendant was in the car driven by Boyd Sisk, defendant contends that the evidence is insufficient to support the finding that he was in possession of whiskey.

The evidence as to this incident is, in substance, as follows: In consequence of a phone call the sheriff of Rutherford County, on the night of 3 March 1961, went to the Shiloh Baptist Church which is located south of Rutherfordton on the Forest City-Tryon Road. About 20 or 30 minutes after his arrival there he stopped a car which was proceeding from the direction of Tryon toward Forest City. It was about 8:30 or 9:00 o'clock. Boyd Sisk was driving and defendant was in the front seat on the right. Sisk's wife and child occupied the rear seat. There was a gallon of taxpaid whiskey between defendant's legs. It was in a paper bag. The sheriff saw the bag but did not recognize it then as containing whiskey. He asked for permission to search the car, and Sisk gave permission. Defendant made no objection. The sheriff did not have a search warrant. He was on the driver's side and Sisk handed the bag to him. He opened the bag and found that it contained a gallon of taxpaid whiskey. The stamps on the containers were from the Tryon ABC store and were dated 3 March 1961. During that month the Tryon ABC store closed at 9:30 P.M. Defendant did not hand the whiskey to the sheriff. The sheriff testified: "I did not see him touch the whiskey, it was just between his legs." The car belonged to defendant's wife, and defendant had the registration card and showed it to the sheriff. It was in defendant's pocketbook. The sheriff took defendant in custody and asked him if Sisk might drive the car to Forest City. The sheriff testified: ". . . he (defendant) gave me permission to drive it." Defendant and Sisk lived in Forest City. They had been seen together on former occasions, and defendant had been seen in Sisk's home. Sisk had served prison sentences within two years of this date for violating the prohibition laws. Defendant had the reputation of "dealing in whiskey."

In the first place, defendant insists that the evidence with respect to the whiskey in the car was obtained as a result of an unlawful search and was therefore incompetent.

G.S. 18-6 provides that officers have no authority "to search any automobile . . . or baggage of any person without a search warrant . . . except where the officer sees or has absolute personal knowledge that there is intoxicating liquor . . . in such vehicle or baggage." It

is questionable as to whether this provision of the statute applies in
the instant case. G.S. 18-6 relates to cases in which persons are "in the
act of transporting, *in violation of law,* intoxicating liquor. . . ."
(Emphasis added.) Here, there was no violation of law for there was
only a gallon of taxpaid whiskey. G.S. 18-49. However, decision as to
the competency of the evidence need not rest on this ground.

G.S. 15-27.1 provides: "No facts discovered or evidence obtained
. . . without a legal search warrant in the course of any search, made
under conditions requiring a search warrant, shall be competent as evi-
dence in the trial of any action." To render evidence incompetent un-
der the foregoing section, it must have been obtained (1) "in the course
of . . . search," (2) "under conditions requiring a search warrant,"
and (3) without a legal search warrant. The purpose of this and simi-
lar enactments (G.S. 15-27) was "to change the law of *evidence* in
North Carolina, and not the substantive law as to what constitutes
legal or illegal search." Therefore a search that was legal without a
warrant before these enactments is still legal, and evidence so obtained
still competent. 30 N.C. Law Review 421. It will be noted that the
statutes use the phrase "under conditions requiring a search warrant."
No search warrant is required where the officer "sees or has absolute
personal knowledge" that there is intoxicating liquor in an automobile.
*State v. Giles,* 254 N.C. 499, 119 S.E. 2d 394; *State v. Hammonds,*
241 N.C. 226, 85 S.E. 2d 133. No search warrant is required where the
owner or person in charge consents to the search. *State v. McPeak,* 243
N.C. 243, 90 S.E. 2d 501.

In the instant case no search warrant was required. In the presence
of defendant, the sheriff asked the driver, who was apparently in
control and had apparent custody of the car, for permission to search.
The driver consented and handed the sheriff the package of whiskey
which was between defendant's legs. Defendant made no objection.
If, as defendant contends in his brief, he was a mere guest passenger
in the car, he had no ground to object to a search. *State v. McPeak,*
*supra.* When request for permission to search was made, the sheriff
did not know the car belonged to defendant's wife, that defendant
was carrying the registration card and was exercising any control or
had custody of the automobile. These matters were not made known to
the sheriff until after the whiskey was placed in the sheriff's hands and
he had inspected it. If, as the State contends, defendant had custody
of the vehicle, and joint control thereof with Sisk, he failed to speak
and assert his immunity to unreasonable search and seizure, which is
a personal right, when he knew the driver, who was in apparent con-
trol, had consented to the search. Under the circumstances, defendant's

conduct amounted to a voluntary consent to search. No search warrant was required.

Defendant further contends that, even if the evidence is competent, it is insufficient to reasonably satisfy the court that he was in possession of the whiskey. He relies upon *State v. Ferguson*, 238 N.C. 656, 78 S.E. 2d 911. There, a car containing a case of illicit liquor was stopped by officers. The liquor was between the feet of the car owner who was riding in the rear seat. The driver and a passenger were in the front seat. The three were charged with the possession and transportation of intoxicating liquor. All were convicted. On appeal, this Court held that the evidence was sufficient to carry the case to the jury as to the driver and owner. But as to the passenger (Pringler Ferguson) the Court said: ". . . we are constrained to the view that the evidence does not make out a *prima facie* case against Pringler Ferguson. The evidence is silent in respect to when, where, or under what circumstances Pringler Ferguson entered the car. Nothing is shown respecting his or her relationship or association with the other occupants of the car — it does not even appear whether Pringler Ferguson is male or female. On this record he or she was a mere passenger in the automobile. That is not enough. To hold a mere passenger knowledge of the presence in the automobile of contraband whiskey is insufficient. (Citing cases.) The evidence must be sufficient to support an inference of some form of control, joint or otherwise, over the automobile or the liquor."

The evidence indicates that the defendant Coffey in the instant case was something more than a guest passenger. His position is more nearly analogous to that of the owner in the Ferguson case. Like her, he had the whiskey between his feet. She owned the car in which she was riding. Coffey was in his wife's car, with the registration in his billfold. His wife was not present. He directed the disposition of the car after the whiskey was found, and gave permission for the sheriff to drive it to Forest City. It is a reasonable inference that he had custody of the car and at least joint control. Coffey and Sisk had been seen together on prior occasions, and Coffey had been seen at Sisk's home. Sisk had served prison sentences within the two preceding years for prohibition law violations; and Coffey had the reputation of dealing in whiskey. The whiskey found in the car had been purchased on that date in Tryon; the car was proceeding from the direction of Tryon toward Forest City where both Coffey and Sisk lived. The whiskey was between Coffey's legs. At the time the sheriff stopped the car the liquor store in Tryon was still open. The evidence is sufficient to support an inference of control, joint or otherwise, by defendant over the automobile and the liquor. *State v. Ferguson, supra.*

A hearing to determine whether or not the terms of a suspended sentence have been violated is not a jury matter, but is to be determined in the sound discretion of the judge. The alleged violation need not be proven beyond a reasonable doubt. "All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended." *State v. Robinson,* 248 N.C. 282, 285, 103 S.E. 2d 376. Stated another way, "There must be substantial evidence of sufficient probative force to generate in the minds of reasonable men the conclusion that defendant has in fact breached the condition in question." *State v. Millner,* 240 N.C. 602, 605, 83 S.E. 2d 546. In our opinion, the evidence, when considered in the light of the foregoing rules of law, is sufficient to justify the court's finding that defendant had intoxicating beverages in his possession, actual or constructive, on 3 March 1961, in the automobile driven by Boyd Sisk.

Defendant contends further that the court erred in admitting and considering evidence relating to the alleged possession by defendant of three pints of whiskey in the home of Ben Johnson on 23 December 1960, for that (1) defendant was brought into Recorder's Court on a capias to answer with respect to the incident on 3 March 1961, and the Recorder's Court did not hear evidence as to the occurrence at Ben Johnson's house; (2) at the hearing in Superior Court the evidence was closed and the matter was taken under advisement, and the judge reopened the hearing and for the first time admitted evidence of the incident at Johnson's house, and (3) the incident at the Johnson house may not, as a matter of law, be the basis for activating the suspended sentence since defendant has been indicted for the offense alleged to have been committed then and there, the trial is pending, and his guilt or innocence has not been determined.

The evidence with respect to the occurrence at the Ben Johnson house is summarized as follows: The sheriff went to Johnson's home in Forest City about 9:00 or 9:30 P.M. on 23 December 1960. About the time the sheriff arrived a car stopped in the yard and three boys went inside. Through a window the sheriff saw the boys put a $10 bill on a table. Johnson gave them change and delivered to them a half gallon of whiskey. Defendant Coffey was in the room at the time. After the boys left Coffey asked Johnson how much more he thought he would need and if three pints would be enough. Coffey went in another room and returned with three pints of whiskey and placed it in the refrigerator. The sheriff later took the three pints from the refrigerator.

Where a sentence is suspended in an inferior court and is invoked

by the inferior court, "the defendant shall have the right to appeal therefrom to the superior court, and, upon such appeal, the matter shall be heard *de novo,* but only upon the issue of whether or not there has been a violation of the terms of the suspended sentence . . . ." G.S. 15-200.1 (S.L. 1951, c. 1038). On appeal from an order of an inferior court putting into effect a suspended sentence, the hearing in Superior Court *must* be *de novo,* and when the Superior Court merely finds that there was evidence to support the findings and order of the inferior court, and affirms the order, the cause must be remanded. *State v. Thompson,* 244 N.C. 282, 93 S.E. 2d 158. Since the hearing on appeal must be *de novo* in Superior Court, that court is not limited to the evidence heard in the inferior court, and may hear and consider any competent evidence so long as it bears on the "issue of whether or not there has been a violation of the terms of the suspended sentence."

It is true that the judge had reopened the case before the testimony as to the occurrence at the Johnson house was heard. However, all evidence was heard at the same term. A motion to reopen a case and hear additional evidence is a matter addressed to the sound discretion of the judge. *State v. Kirkman,* 252 N.C. 781, 782, 114 S.E. 2d 633; *State v. Hobbs,* 216 N.C. 14, 17, 3 S.E. 2d 431. No abuse of discretion has been made to appear. For the first time, defendant contends, in his brief and argument here, that he had no notice that the Johnson house incident was involved in the hearing and was taken by surprise. The record does not disclose any motion for continuance or for time to prepare for defense on this phase of the case.

Defendant's sole objection to the Johnson house incident below was that defendant had been charged with a criminal offense growing out of the Johnson house incident, that trial was pending, and therefore that incident could not, as a matter of law, be the basis for putting into effect the suspended sentence. Defendant, in this connection, relies on *State v. Guffey,* 253 N.C. 43, 116 S.E. 2d 148.

In the *Guffey* case defendant pleaded guilty in Recorder's Court to the illegal possession of liquor for sale. A prison sentence was imposed, and was suspended for 2 years on condition the defendant (1) not have in her possession intoxicating liquor, and (2) not violate any laws of the State. Within the period of suspension defendant was tried and convicted of having in her possession liquor for the purpose of sale after the suspended sentence had been entered. "Based on the . . . conviction" the Recorder's Court activated the suspended sentence. Defendant appealed both the conviction and the activation of the suspended sentence. On appeal, the Superior Court found that defendant "did have in her possession liquor," and "entered an order affirming the order of the judge of the Recorder's Court." On appeal

from the conviction defendant was found guilty by a jury in Superior Court and appealed to the Supreme Court where the conviction was reversed. *State v. Guffey*, 252 N.C. 60, 112 S.E. 2d 734. Thereupon, the Superior Court struck from the record the orders activating the suspended sentence, and the State appealed. This Court, in the *Guffey* opinion, reviewed the general rules of law applicable to the activation of suspended sentences, and discussed the exception thereto, and a repetition of these principles here would serve no useful purpose. In applying the law to the facts there presented, it is stated: " . . . when the defendant appealed from the order entered in the Recorder's Court activating the suspended sentence and also appealed from the conviction in said court, which *conviction* was the sole basis for activating the suspended sentence, the hearing on the appeal from the order activating the suspended sentence should not have been heard until the defendant was tried on the criminal charge. . . . The facts in the present case are distinguishable from those in the case of *S. v. Greer*, 173 N.C. 759, 92 S.E. 147. In the *Greer* case, grounds for activating the suspended sentence in the municipal court of Winston were based on certain findings of fact and not on the conviction in that court. In the present case, while Judge Thompson . . . found certain facts, he *did not enter an independent judgment,* based thereon, activating the suspended sentence, but merely affirmed the order entered in Recorder's Court. . . . The order in the Recorder's Court was predicated on the fact that the defendant was convicted . . . ." (Emphasis added.)

In the *Guffey* case the activation of the suspended sentence was, in Recorder's Court, based solely upon the conviction of defendant. On appeal, the Superior Court, though it found facts, merely reaffirmed the activating order of the Recorder's Court. Thus the only basis for putting the suspended sentence into effect was the conviction. In the instant case, the court found facts in detail and in summary stated: "that the defendant had in his possession intoxicating beverages . . . in . . . the incident in which the defendant had three pints of whisky in his hand taking them to the refrigerator in the Johnson home." Based on this finding the Superior Court entered an independent order putting the suspended sentence into effect. The order is not in any way predicated upon a conviction. Indeed the defendant may well be guilty of violating the terms of the suspended sentence by having the possession of intoxicating beverages, and not be guilty of violating any criminal law of the State. The findings of fact and order of the court below are in accord with the general rules laid down by this Court, and in the findings and order we find no error. *State v. Pelley*, 221

N.C. 487, 20 S.E. 2d 850; *State v. Shepherd,* 187 N.C. 609, 122 S.E. 467;
*State v. Greer,* 173 N.C. 759, 92 S.E. 147.

Either the findings of fact with respect to the car incident of 3 March 1961, or that of the Johnson house incident of 23 December 1960, is sufficient to support the activation of the suspended sentence.

The order of the Superior Court is

Affirmed.