## STATE v. RAYMOND HARDING.

(Filed 24 February, 1965.)

**Criminal Law § 92—**

> The trial court has discretionary power, after the commencement of argument, to permit the State to reopen the case for testimony of a witness who had been tardily located, defendant having and exercising the right of cross-examination.

APPEAL by defendant from *Clarkson, J.,* October 30, 1964, Session of BUNCOMBE.

Defendant is charged with criminal offenses in two indictments: (1) Case No. 64-581, assault upon a female, Donna Massey, with intent to commit rape; (2) Case No. 64-582, crime against nature with and upon Donna Massey. It is alleged that the offenses were committed in Buncombe County on 18 July 1964. The cases were consolidated for trial.

Plea: Not guilty. Verdict: Guilty as charged.

Judgment: Imprisonment for a term of 12 years on each count, the terms to run concurrently.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*W. M. Styles for defendant.*

PER CURIAM. Defendant's motions for nonsuit were properly overruled. Evidence of the *corpus delicti* is full and direct. Defendant is identified as the perpetrator of the felonies. The testimony of the prosecutrix is corroborated in every detail. No purpose can be served here in recounting the evidence.

After the solicitor had commenced his argument to the jury, the judge, over the objection of defendant, permitted the State to reopen the evidence and take the testimony of a witness, William McElrath, who had been tardily located and brought into the courtroom, and whose name had been frequently mentioned by other witnesses. He was cross-examined by defendant's counsel, and defendant was permitted to introduce evidence in rebuttal. The judge committed no error in permitting McElrath to testify. "The trial court has discretionary power to permit the introduction of additional evidence after both parties have rested, even after the argument has begun. But the opposing party should be given opportunity to introduce evidence in rebuttal." 1 Strong: N. C. Index, Criminal Law, § 92, p. 760, and cases cited.

No error.