## STATE v. L. D. JACKSON.

### (Filed 3 November, 1965.)

**1. Criminal Law § 99—**
  On motion to nonsuit, the evidence must be considered in the light most favorable to the State and contradictions and discrepancies must be resolved in its favor.

**2. Receiving Stolen Goods § 5—**
  Evidence of receiving stolen goods with knowledge they had been stolen *held* sufficient to overrule nonsuit.

**3. Criminal Law § 92—**
  The trial court has discretionary power to permit the introduction of additional evidence after argument to the jury.

**4. Criminal Law § 97—**
  The trial court has discretionary power to limit the scope of subsequent argument after the introduction of additional evidence.

APPEAL by the defendant from *Mintz, J.,* April 1965 Criminal Session of WAYNE.

The defendant was indicted for unlawfully and wilfully receiving and concealing stolen goods, knowing them to be stolen, namely, a quantity of copper wire valued at $220. Upon a verdict of guilty he was sentenced to be confined in jail and assigned to work under the supervision of the State Prison Department for two years. From this judgment he appeals, assigning as error the overruling of his motion for judgment of nonsuit, the ruling of the court permitting the State to reopen the case after arguments had been made to the jury, the court's limitation of subsequent arguments to the jury and certain portions of the charge.

The following is a summary of the State's evidence:

James Hobbs and others stole from a box car at the junk yard of the Goldsboro Iron & Metal Works, also known as Junk Brown's, approximately fifteen hundred pounds of copper wire in the night. Together they went to the defendant at 3:30 a.m., the same night, and asked him to buy it, telling him that they had more than a thousand pounds of it and that they had gotten it at Junk Brown's. The defendant told them he could take about eight hundred pounds of it and he gave them his check for $165 in payment therefor.

The police officers went to the defendant's place of business later in the same day and observed there some small pieces of copper wire which had been swept into a pile. The defendant then told them that at about 3:30 o'clock that morning Hobbs and his associates had come to his house, awakened him and asked him to buy the copper

which they said they had gotten from a box car at the Goldsboro Iron & Metal Works, and which the defendant then purchased from them and resold in Greenville in the morning for $225. He stated to the officers that he knew the copper was stolen and he carried it to Greenville to sell it because it would be recognized if he tried to sell it in Goldsboro.

The defendant testified in his own behalf. He acknowledged purchasing the copper from Hobbs and his associates and reselling it in Greenville the same morning. He denied knowing that the copper was stolen.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*Braswell & Strickland for defendant appellant.*

PER CURIAM. On motion for judgment of nonsuit the evidence must be considered in the light most favorable to the State and contradictions and discrepancies therein do not warrant the granting of the motion. *State v. Thompson,* 256 N.C. 593, 124 S.E. 2d 728; *State v. Roop,* 255 N.C. 607, 122 S.E. 2d 363; *State v. Simpson,* 244 N.C. 325, 93 S.E. 2d 425. There was ample evidence to support a finding of each element of the offense with which the defendant was charged and of which the jury found him guilty. There was no error in overruling the motion for judgment of nonsuit.

The trial court had discretionary power to permit the introduction of additional evidence after both parties had rested and arguments had been made to the jury. *State v. Harding,* 263 N.C. 799, 140 S.E. 2d 244. The limitation of the scope of subsequent arguments to the jury was also in the discretion of the trial court.

We have carefully examined the exceptions to the various rulings of the court upon the admission of evidence and the exceptions to the charge to the jury. We find no merit in any of them.

No error.