STATE OF NORTH CAROLINA v. WAYNE NEELY (CASE No. 68 CR 36)
— AND —
STATE OF NORTH CAROLINA v. JERRY LEON NEELY (CASE No. 68 CR 37)
No. 6929SC215

(Filed 30 April 1969)

**1. Larceny § 7— nonsuit**

Evidence tending to show that an inventory of television sets owned by a corporation disclosed that a set having a listed serial number was missing, and that three days later the set so identified was in the possession of defendants, *held* sufficient to overrule nonsuit.

**2. Criminal Law § 97— introduction of additional evidence**

The trial court has discretionary power to permit the State to introduce additional evidence after the State has rested its case and defendants have argued their motions for judgment as of nonsuit.

APPEAL from *Beal, S.J.*, 6 January 1969, Schedule "D" Criminal Session, MECKLENBURG County Superior Court.

Wayne Neely and Jerry Leon Neely were charged under separate warrants with willfully, maliciously and unlawfully stealing and carrying away a television set on or about 9 October 1968. The set was valued at $150 and was the property of Plaza Hardware, Inc., (Plaza). The defendants were tried in the Recorder's Court of the City of Charlotte and were found guilty. From the imposition of a two year jail sentence, they appealed to the Mecklenburg County Superior Court.

In superior court the two cases were consolidated, by consent, for the purpose of trial. The defendants entered pleas of not guilty. The jury returned a verdict of guilty of larceny. The trial judge thereupon sentenced the defendants to two years in the common jail of Mecklenburg County to be assigned to work under the supervision of the State Department of Correction. The defendants appealed to this Court.

*Attorney General Robert Morgan and Assistant Attorney General George A. Goodwyn for the State.*

*W. Herbert Brown, Jr., for defendant appellants.*

CAMPBELL, J.

[1] The defendants' first contention is that the trial judge erred in denying their motions for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence.

Considering the evidence in the light most favorable to the State, it tends to show that, on 7 October 1968, Plaza owned and had possession of a General Electric television set, which was stored in its warehouse; the set bore the Serial Number OG2E-21127; pursuant to a sale, Plaza attempted to deliver the set on 10 October 1968, but ascertained that the set was not in the warehouse; on 10 October 1968 the set in question was taken by the defendants to the home of Michael Daniels on South Church Street in the City of Charlotte; they offered to sell the set to him for $250; Daniels paid them $25 and the set was left with him; the defendants then departed; a detective with the Charlotte police department came to the home of Daniels a few hours later; the detective took charge of the set; and Daniels told the detective that the defendants had brought the set to his home and that he had paid them $25 for it.

In *State v. Holloway,* 265 N.C. 581, 144 S.E. 2d 634, the Supreme Court stated:

"Evidence for the State tends to show: Approximately a week prior to May 21, 1963 an inventory was taken of television sets owned by Telerent, Inc., and stored in its warehouse at 613 West North Street, Raleigh, N. C. On May 23, 1963, upon discovering that many television sets were missing, employees of Telerent, Inc., took another inventory, determined that 37 sets were missing, and listed the model and serial numbers of the missing sets.

Evidence for the State tends to show each of six of the television sets taken from said warehouse was in the possession of appellant alone or in the joint possession of appellant and his codefendants at a time generally identified as the last of May or the first of June 1963. As indicated, the State relies largely on the presumption arising from the possession of goods recently stolen. In our view, the evidence was sufficient to warrant submission to the jury; and defendant's assignment of error directed to the denial of his motion for judgment as of nonsuit is without merit."

In the instant case, the evidence for the State tends to show that, on 7 October 1968, the set was stored in Plaza's warehouse and that three days later on 10 October 1968 this set was in the possession of the defendants.

The first contention is without merit.

[2]  The defendants' second contention is that the trial judge erred in permitting the case to be reopened and the State to introduce

additional evidence after the State had rested its case and after the defendants had argued their motions for judgment as of nonsuit.

In *State v. Brown,* 1 N.C. App. 145, 160 S.E. 2d 508, Morris, J., speaking for the Court, stated:

"The general rule followed in the majority of jurisdictions is stated in 53 Am. Jur., Trial, § 128, p. 112, as follows:

'The trial judge possesses wide discretionary powers relative to the reopening of a criminal case for the introduction of further evidence after the parties have rested. In his discretion, a criminal case may be reopened for the reception of additional evidence after the case has been submitted to the jury and before their retirement to deliberate on their verdict, and according to the weight of authority, it lies within the sound discretion of the trial court to reopen a criminal case for the reception of additional evidence even after the jury has retired to deliberate on their verdict.'

The North Carolina Supreme Court adheres to this rule and has stated that the trial court has discretionary power to permit the introduction of additional evidence after a party has rested, *State v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736, and even after the argument has begun. *State v. Jackson,* 265 N.C. 558, 144 S.E. 2d 584. As stated in *State v. Jackson, supra,* 'The trial court had discretionary power to permit the introduction of additional evidence after both parties had rested and arguments had been made to the jury.' "

The second contention is without merit.

A careful review of the record in the instant case indicates that the defendants had a fair and impartial trial, free of error.

The judgment of the trial court is

Affirmed.

BROCK and MORRIS, JJ., concur.