STATE OF NORTH CAROLINA v. WILLIE GATTISON

No. 695SC543

(Filed 17 December 1969)

**Criminal Law § 97— recall of witness — discretion of trial court**

Trial court did not abuse its discretion in allowing the State to recall a witness for the purpose of offering additional evidence after the State had rested its case and after the defendant's motion for nonsuit had been denied.

APPEAL by defendant from *Cohoon, J.,* 12 August 1969 Session of Superior Court held in NEW HANOVER County.

Defendant was tried upon a bill of indictment charging him with the felony of breaking and entering on 6 February 1969 a building occupied by Schwartz Furniture Company, a corporation, with the

intent to steal property therefrom. Trial was by jury and the verdict was guilty of the felonious breaking and entering.

From judgment of imprisonment of not less than six years nor more than eight years, the defendant, an indigent, appealed to the Court of Appeals.

*Attorney General Robert Morgan and Staff Attorney L. Phillip Covington for the State.*

*Yow & Yow by Lionel L. Yow for defendant appellant.*

MALLARD, C.J.

This appeal presents the question of whether the trial judge can allow the State to recall a witness for the purpose of offering additional evidence after the State has rested its case and after the defendant's motion for judgment of nonsuit has been denied. The answer is yes.

The judge in the instant case, after overruling the defendant's motion for judgment of nonsuit, permitted the State to offer additional evidence of an explanatory nature. Defendant contends that this was error and argues that the power of the court under such circumstances is limited to permitting the introduction of newly discovered evidence. This contention is without merit.

It is elementary that the trial judge possesses discretionary power to permit the reopening of a criminal case for the introduction of further evidence after the parties have rested. *State v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736 (1961); *State v. Neely,* 4 N.C. App. 472, 166 S.E. 2d 856 (1969); *State v. Brown,* 1 N.C. App. 145, 160 S.E. 2d 508 (1968); 53 Am. Jur., Trial, § 128. This may be done even after the parties have argued the case to the jury. *State v. Jackson,* 265 N.C. 558, 144 S.E. 2d 584 (1965). No abuse of discretion appears on this record. The defendant has had a fair and impartial trial, free from prejudicial error.

No error.

MORRIS and HEDRICK, JJ., concur.