STATE OF NORTH CAROLINA v. JERRY F. THOMPSON

No. 7315SC628

(Filed 14 November 1973)

1. Criminal Law § 75— admission by defendant — necessity for voir dire and finding of voluntariness

In a prosecution for driving under the influence of intoxicating liquor where there was evidence tending to show that one other than defendant was driving the vehicle in question, the trial court erred in allowing into evidence defendant's admission made to police officers while he was in custody that he was the driver of the vehicle where there was no *voir dire* hearing to determine whether defendant was given Miranda warnings and there was no determination that defendant's admission was voluntary.

2. Criminal Law § 97— reopening of case for additional evidence — rebuttal not allowed — error

The trial court in a drunk driving case erred in allowing the State to reopen its case and present additional testimony after completion of the charge to the jury while denying to the defendant the opportunity to offer testimony in rebuttal.

APPEAL by defendant from *Bailey, Judge,* 12 February 1973 Session of Superior Court held in CHATHAM County.

Defendant was charged in a valid warrant with driving under the influence of intoxicating liquor. He was tried and convicted in the District Court of Chatham County and appealed to the Superior Court for a trial de novo.

At the trial in Superior Court G. F. Wheeler, a highway patrolman, was the only witness for the State. Wheeler testified that on 29 July 1972 he saw a panel truck weaving from one lane to the other on a secondary road in Chatham County. He stopped the truck and found defendant behind the wheel. Defendant walked unsteadily, his speech was slurred, and he had an odor of alcohol on his breath. He failed several of the performance tests commonly administered to persons suspected of driving under the influence, and he refused to take the breathalyzer test. Wheeler stated that in his opinion defendant was under the influence of intoxicating liquor when he was stopped on 29 July 1972.

Defendant's only witness was Steve Stancil. Stancil testified that he had been riding in the panel truck with defendant and James Arthur Scott on 29 July 1972. He stated that Scott, rather than defendant, was driving the truck, and defendant was riding in the right front seat. When the patrolman stopped the truck, defendant and Scott exchanged seats, because Scott had no driver's license. Stancil testified that he was the owner of the panel truck.

The State recalled G. F. Wheeler as a rebuttal witness, and during the course of his testimony the following proceedings ensued:

Q. [by the Solicitor] Trooper Wheeler, when you placed the Defendant Jerry Thompson under arrest and brought him down to the Pittsboro jail, was Mr. Steve Stancil, the gentleman who just testified, in your presence at that time?

A. Yes, sir.

MR. BARBER: Objection.

THE COURT: Overruled

Q. Did you have a conversation with the defendant Jerry Thompson in Mr. Stancil's presence?

A. Yes, sir, Mr. Stancil and the third person in the vehicle came in.

Q. All four of you were together?

A.. Yes, sir.

Q. Did you ask the defendant whether or not he was operating the motor vehicle?

MR. BARBER: Objection

THE COURT: Overruled

A. Yes, sir.

Q. What did Jerry Thompson tell you?

MR. BARBER: Objection

THE COURT: Overruled

A. His answer was Yes.

After Wheeler finished his testimony, the attorneys argued the case and the court instructed the jury. At the conclusion of the charge, one of the jurors asked: "This Dodge truck was it one that had a seat on this side of the motor in the center and the other, the driver's seat on the other side?" In response to this question, the court recalled Patrolman Wheeler and asked him to describe the interior of the truck. After wheeler had testified, defendant requested permission to recall Steve Stancil, so that he too could answer the juror's question, but this request was denied. The jury then retired for its deliberations. It returned a verdict of guilty, and defendant was sentenced to sixty days in jail. He appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General Myron C. Banks, for the State.*

*J. Russell Kirby and John E. Clark, for defendant appellant.*

BALEY, Judge.

[1]   The key point in the trial below was the identity of the driver of the truck. The court permitted the arresting officer, over objection, to testify that defendant admitted that he was the driver of the truck. At the time of the purported admission the defendant was in custody and being questioned by the officer.

An admission made by a criminal defendant while in custody, in response to questioning by law enforcement officers, may not be used in evidence by the State unless the State shows, in

State v. Thompson

a voir dire hearing, that the defendant received the warnings required by *Miranda v. Arizona,* 384 U.S. 436 (1966), and that the admission was made voluntarily. *State v. Vickers,* 274 N.C. 311, 163 S.E. 2d 481; *State v. Mitchell,* 270 N.C. 753, 155 S.E. 2d 96; *State v. Ross,* 269 N.C. 739, 153 S.E. 2d 469. Here there was no voir dire hearing, and no finding that defendant's admission was voluntary. The contention of the State that the testimony of the officer was for the purpose of impeachment is not persuasive. The defendant did not testify. His alleged admission, not otherwise competent, is not made so simply because it would tend to impeach the testimony of another witness. It was error to admit a confession of defendant through the back door without complying with the proper legal safeguards required under *Miranda* and without making a finding after voir dire hearing that such confession was voluntary. *See* 2 Stansbury, N. C. Evidence (Brandis rev.), § 186, at 82-83.

[2] The defendant also assigns as error the action of the trial court in allowing the State to reopen its case and present additional testimony after completion of the charge to the jury while denying to the defendant the opportunity to offer testimony in rebuttal.

The court has discretion to reopen a case for additional evidence even after the jury has retired and begun its deliberations. *State v. Shutt,* 279 N.C. 689, 185 S.E. 2d 206, *cert. denied,* 406 U.S. 928; *State v. Noblett,* 47 N.C. 418; *Parish v. Fite,* 6 N.C. 258. Certainly it is proper to reopen the case at the conclusion of the court's charge before the jury has retired. But if the State is permitted to reopen its case, fairness requires that the defendant be afforded an opportunity for rebuttal. *State v. Anderson,* 281 N.C. 261, 188 S.E. 2d 336; *State v. Harding,* 263 N.C. 799, 140 S.E. 2d 244; *see State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774. The defendant can, as in this case, be severely handicapped if the jury is allowed to hear only the State's evidence on an important aspect of the case.

Here the court's refusal to allow defendant a chance for rebuttal cannot be considered harmless error. At least one juror felt that the construction of the interior of the front seat of the truck was a matter of critical importance. The ease with which defendant could change seats and assume the position of driver may have been crucial to this juror who was concerned enough to inquire openly. It is impossible to tell what Stancil might have said if he had been allowed to testify, but it might well have

been significant enough to affect the outcome of the trial. *See State v. Rainey,* 236 N.C. 738, 74 S.E. 2d 39.

For errors in the court below in the admission and exclusion of material evidence, defendant is entitled to a new trial.

New trial.

Judges PARKER and HEDRICK concur.