STATE OF NORTH CAROLINA v. RAYMOND OTIS PERRY

No. 7415SC683

(Filed 2 October 1974)

1. **Criminal Law § 164— denial of motion for nonsuit — consideration on appeal**

   Defendant cannot contend on appeal that the trial court erred in not allowing his motion for nonsuit made after the State had rested where defendant thereafter took the stand in his own behalf. G.S. 15-173.

2. **Parent and Child § 9— nonsupport of child — sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury in a prosecution for nonsupport of children where defendant testified that he

State v. Perry

was employed, that he had earnings of a specified amount, and that he had paid only slightly more than $400 for support since 1967.

**3. Criminal Law § 97— introduction of additional evidence**

　　So long as defendant has an opportunity to offer evidence in rebuttal, the court has discretion to reopen a case for additional testimony up until the jury returns.

**4. Criminal Law § 99— questioning of defendant by court — no expression of opinion**

　　In a prosecution for nonsupport, the trial court did not err in questioning defendant as to when defendant left home, how much he had paid for support since then, whether he sought to see or speak to his children, and what ability defendant had to make support payments.

**5. Criminal Law § 169— objection to question — failure to include answer in record**

　　In a prosecution for nonsupport, a question put to the mother of the children concerning a child born prior to her marriage to defendant was not reviewable on appeal since the record did not show what the answer would have been.

**6. Criminal Law § 112— reasonable doubt — wilfulness — jury instructions — definition not required**

　　In the absence of a request, the trial judge was not required to define the terms "reasonable doubt" and "wilfulness."

APPEAL by defendant from *Clark, Judge,* 8 April 1974 Criminal Session of ALAMANCE Superior Court. Heard in the Court of Appeals 17 September 1974.

Defendant was charged in a warrant dated 2 November 1973 with unlawful and wilful neglect and refusal to provide adequate support for his two children. The alleged offense took place on or about 20 August 1971. The defendant was tried and found guilty in district court, whereupon he appealed to the superior court for a trial *de novo.*

Maxine Perry, the former wife and the mother of the children, testified that the defendant and she were married in 1961; that they had two children of the marriage; that the defendant and she have not been living together since April 1967; that the defendant was ordered in a civil action in 1967 to pay $23.00 per week support; that since 1967, the defendant has paid only $400.00 for child support; that the defendant left leaving an oil bill and a milk bill plus two obligations to finance companies; and that she earns approximately $55.00 per week after taxes. The State rested and defendant moved for nonsuit as there was no

evidence of defendant's ability to pay. The State then moved to reopen its case. This was allowed.

The State then examined the former wife concerning the defendant's testimony in the district court trial as to his earnings and ability to pay. The judge allowed this over the defendant's objection. Thereafter, the defendant again made a motion for nonsuit which was denied.

The defendant testified that he left home in 1967; that he sought to see his children on numerous occasions and that one time, at midnight, he was told by Maxine Perry not to come back; that the reason he stopped making payments was because he was not allowed to see his children; that his former wife told him that she did not want his money and has never demanded any; that he remarried in 1970 and has had two children by that marriage, together with a stepson to support; and that he now earns $120 per week after taxes.

The jury returned a verdict of guilty, and from a sentence of imprisonment, the defendant appealed.

*Attorney General James H. Carson, Jr. by Assistant Attorney General Parks H. Icenhour for the State.*

*David I. Smith for the defendant appellant.*

CAMPBELL, Judge.

[1] The defendant contends that the trial court erred in not allowing the defendant's motion for nonsuit after the State had rested and in then allowing the State to reopen its case and introduce evidence of statements made by the defendant at the district court trial.

After the State rested and the motion for nonsuit was denied, the defendant took the stand in his own behalf. "If the defendant introduces evidence, he thereby waives any motion for dismissal . . . which he may have made prior to the introduction of his evidence and cannot urge such prior motion as ground for appeal." G.S. 15-173. Consequently, the defendant cannot assert the denial of that motion on appeal.

[2] So far as the motion for nonsuit after the defendant's evidence is concerned, that motion was properly denied. The defendant testified that he was employed; that he had earnings of a specified amount and that he had paid only slightly more than

$400 for support since 1967. There was sufficient evidence on each element of the offense charged to submit the case to the jury.

[3] The defendant's contention that there was error in allowing the State to reopen its case is without merit. So long as the defendant has an opportunity to offer evidence in rebuttal, the court has discretion to reopen a case for additional testimony up until the jury retires, *State v. Anderson,* 281 N.C. 261, 188 S.E. 2d 336 (1972), and has even been held to have such discretion after the jury has begun its deliberation. *State v. Thompson,* 19 N.C. App. 693, 200 S.E. 2d 208 (1973).

The defendant contends there was error in allowing Mrs. Perry to testify as to what the defendant had said regarding his employment and earnings in the district court. This was not error.

[4] The defendant next asserts that the trial court made sufficient errors in the trial and charge so as to deny the defendant a fair and impartial trial free from prejudicial error. Basically, this contention is in the first part directed toward a number of questions asked by the court during the State's presentation of its case. Our review discloses that the court asked questions dealing with when the defendant left home, how much he had paid for support since then, whether he sought to see or speak to his children, and what ability the defendant had to make support payments. The defendant contends that questions directed to the defendant's ability to earn, etc., in 1967 and succeeding years are irrelevant because the time on the warrant reads "on or about the 20th day of August 1971." This is untenable. The defendant was charged under G.S. 14-322 which specifically states that "such wilful neglect . . . shall constitute a continuing offense . . . . " Such questions therefore are relevant to the issues to be tried. They clarified the testimony elicited, and promoted a better understanding of it. We have examined the questions propounded by the trial court and find no resulting prejudice or expression of opinion in violation of G.S. 1-180.

[5] Another alleged error was the refusal by the trial court to allow the defendant to ask questions of Mrs. Perry concerning a child born prior to her marriage with the defendant for the purpose of impeaching her. This was not error and furthermore the question is not properly reviewable since what the answer to the question would have been is not in the record. See *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970).

The defendant contends that there was prejudicial error committed in the charge to the jury because of comments made concerning "abandonment". In the portion to which the defendant refers, the trial judge was summarizing a contention of the State that the jury "should find the defendant intentionally left his wife and two children . . . . " This contention was directed to the issue of wilful neglect and is not such that it would be prejudicial to the defendant.

[6] The defendant further argues that the trial judge erred in failing to charge the jury on the questions of "reasonable doubt" and "wilfulness". "[T]rial judges are not required to define the term 'beyond a reasonable doubt' in charging the jury in criminal cases." *State v. Broome,* 268 N.C. 298, 299, 150 S.E. 2d 416, 417 (1966). The defendant did not request such an instruction and did not object to its absence until after the jury retired. In like manner, the defendant did not request an instruction defining "wilfulness". Without a request, the trial judge was under no obligation to define it. These words are as nearly self-explanatory as any explanation that can be made of them. Consequently, the defendant was not prejudiced.

Having considered the various assignments of error, we conclude that there was no error.

No error.

Judges PARKER and VAUGHN concur.