STATE OF NORTH CAROLINA v. CLIFFORD B. GOINS

No. 7827SC205

(Filed 11 July 1978)

**Criminal Law § 76.2— drunken driving—incriminating in-custody statements—failure to hold voir dire**

    In this prosecution for driving under the influence of intoxicants, the trial court erred in the admission over objection of defendant's incriminating answers to an officer's questions after his arrest where the court conducted no voir dire on the admissibility of defendant's statements and made no determination that the statements were made voluntarily and understandingly after defendant had been given the *Miranda* warnings.

APPEAL by defendant from *Baley, Judge*. Judgment entered 6 December 1977 in Superior Court, GASTON County. Heard in the Court of Appeals 22 June 1978.

Defendant was charged with operating a motor vehicle on a public highway while under the influence of an intoxicating beverage. Upon his plea of not guilty, the State offered evidence tending to show the following:

At 4 a.m. on 15 September 1977, Officer Anthony Lee Robinson of the Gaston County Police Department was traveling in a northerly direction on Highway 321 when he noticed a 1964 Cadillac traveling in the same direction approximately one tenth of a mile ahead of him. The Cadillac, driven by the defendant, was proceeding at a slow rate of speed and was swerving from one lane to the other. Officer Robinson pulled directly behind the defendant and turned on his blue light, and the defendant pulled into an adjacent parking lot. When the defendant got out of his automobile, Officer Robinson noticed an odor of alcohol. While he was examining the defendant's driver's license he observed that

the defendant was swaying on his feet. Officer Robinson arrested the defendant and took him to the Gaston County Courthouse. At the courthouse Officer Robinson asked the defendant if he had consumed any alcoholic beverages, and the defendant responded that he had drunk four or five beers at his brother's house earlier that night. The defendant then told Officer Robinson that he would not submit to the breathalyzer test, explaining that "he only wanted to lose his license for six months." Officer Robinson and Officer R. B. Stacy, who was present when the defendant was brought to the courthouse, testified at trial that the defendant's mental and physical faculties were appreciably impaired by an intoxicant.

The defendant offered no evidence. The jury found the defendant guilty as charged, and the trial judge entered judgment imposing a three month prison sentence, suspended upon the conditions that defendant pay a $250 fine; that he surrender his driver's license and not operate a motor vehicle for one year or until his license is restored, whichever is later; and that he not violate any law of this State. The defendant appealed.

*Attorney General Edmisten, by Associate Attorney David Roy Blackwell and Assistant Attorney General Isaac T. Avery III, for the State.*

*Steve Dolley, Jr. for the defendant appellant.*

HEDRICK, Judge.

The defendant first assigns as error the trial court's denial of his motion for judgment as of nonsuit. In our opinion the evidence viewed in the light favorable to the State was sufficient to submit the case to the jury.

The defendant also assigns as error the admission of Officer Robinson's testimony recalling the defendant's incriminating answers to questions asked subsequent to his arrest. On direct examination the District Attorney asked Officer Robinson what the defendant said to him "regarding what intoxicating beverages . . . he had consumed." Over the defendant's objection Officer Robinson was permitted to answer as follows:

When I was questioning him, I asked him what he had been drinking and he said beer. I asked how many and he advised me four or five.

. . .

He said that he consumed them at his brother's house. He started drinking about 12:00 Midnight and he didn't know what time that he stopped.

It is now familiar law that an admission of a defendant in a criminal trial is admissible in evidence against him only if it is accompanied by a finding by the trial court that it was made voluntarily and understandingly. 2 Stansbury's N.C. Evidence, § 183 (Brandis Rev. 1973). Such a finding necessarily comprehends a finding that the defendant was given his *Miranda* warnings before responding to in-custody interrogation. *State v. Miley*, 291 N.C. 431, 230 S.E. 2d 537 (1976); *State v. Thompson*, 19 N.C. App. 693, 200 S.E. 2d 208 (1973). This rule has been held expressly applicable to defendants charged with driving under the influence of intoxicants. *State v. Sykes*, 285 N.C. 202, 203 S.E. 2d 849 (1974). The proper procedure for determining the admissibility of a defendant's admissions is to conduct a voir dire hearing in the absence of the jury at which the State must carry the burden of showing that the admissions were made voluntarily and understandingly. *State v. Pollock*, 22 N.C. App. 214, 206 S.E. 2d 382 (1974); *State v. Thompson, supra*; 2 Stansbury, *supra*, § 187. At the conclusion of the hearing if the trial judge overrules the defendant's objection, he must make findings of fact to resolve any conflicts in the evidence. *State v. Silver*, 286 N.C. 709, 213 S.E. 2d 247 (1975).

The record in the present case reveals that no hearing was conducted upon the defendant's objection and no foundation was established by the State prior to the introduction of the defendant's incriminating statements. We are unable to say that the trial court's error in the admission of the statements was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18 (1967).

The defendant has brought forward other assignments of error which we need not discuss at this time since they are not likely to arise upon a new trial.

New trial.

Judges PARKER and MITCHELL concur.