STATE v. WORTH WEAVER.

(Filed 8 October, 1947.)

**1. Criminal Law § 52a—**

A motion to nonsuit, made for the first time at the conclusion of all the evidence, does not present the sufficiency of the evidence for review, it being incumbent upon the defendant to move for nonsuit at the close of the State's evidence, note exception if overruled, and, if he introduce evidence, to renew the motion at the close of all the evidence, and note exception if overruled, and assign error based on the latter exception. G. S., 15-173.

**2. Homicide § 27e—**

A new trial is awarded in this case for that according to the record the court used the word "murder" rather than the word "manslaughter" in its charge upon the offense of manslaughter.

**3. Criminal Law § 77d—**

The Supreme Court is bound by the record.

APPEAL by defendant from *Burgwyn, Special Judge,* at Special Term, February, 1947, of HARNETT.

Criminal prosecution tried upon indictment charging the defendant with the felonious slaying of one Roy L. King.

Verdict: Guilty of manslaughter. Judgment: Imprisonment in the State's Prison for a term of not less than seven nor more than fifteen years. The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Neill McK. Salmon for defendant.*

DENNY, J. The defendant excepts to the refusal of the court below to grant his motion for judgment as of nonsuit. While we think the evidence offered in the trial below is ample to sustain his Honor's ruling, were it otherwise, the ruling is not presented for review on this appeal. It does not appear from the record that the defendant moved for judgment as of nonsuit at the close of the State's evidence. The defendant offered evidence and at the close of all the evidence the record states the defendant renewed his motion for judgment as of nonsuit, which was denied and exception noted.

A motion for judgment as of nonsuit, under G. S., 15-173, must be made at the close of the State's evidence, exception noted, if overruled, and, if the defendant introduces evidence the motion to dismiss should be renewed at the close of all the evidence, exception again noted, if overruled; and upon appeal from the refusal to dismiss, the assignment of error should be based upon the latter exception. *S. v. Bittings,* 206 N. C., 798, 175 S. E., 299; *S. v. Ormond,* 211 N. C., 437, 191 S. E., 22; *S. v. Perry,* 226 N. C., 530, 39 S. E. (2d), 460.

Among the defendant's other assignments of error are the following portions of his Honor's charge:

(1) "Now, generally speaking, murder is the unlawful killing of a human being without malice, and without premeditation and deliberation, and is of two kinds, voluntary and involuntary, depending on whether the killing is intentional or not intentional. Voluntary murder is intentional homicide in sudden passion or heat of blood upon provocation and not with malice aforethought or with premeditation or deliberation. Involuntary murder you are not concerned with. The most common instance of involuntary murder is upon anger suddenly aroused by provocation which the law does not consider justification and the killing

being done before passion subsides. In such case, it is the anger so aroused which is held to misplace malice and reduces the unlawful homicide to manslaughter."

(2) "The State contends that you should be satisfied not beyond a reasonable doubt, but that you should at least be satisfied that he did it in anger and without justification and should find him guilty of manslaughter."

(3) "The State contends, on the other hand, that you should receive with a grain of salt the testimony of Lonnie Moore."

(4) "The defendant contends that Lonnie Moore, the main witness for the State, should not be believed because of contradictory evidence. Defendant also contends that the jury should not believe the evidence of Spivey, who was an uncle of this boy, and the Carroll boys, who were influenced by him."

It appears from the record that while Lonnie Moore was subpoenaed by the State, he was the only witness who testified for the defendant.

In fairness to the able Judge who tried this case, we think it apparent that errors have crept into the record. The appeal is presented on an agreed case. The trial Judge has had no opportunity to review it. Therefore, we deem a discussion of these assignments of error would serve no useful purpose. Nevertheless, we are bound by the record, and there must be a new trial. *S. v. Wyont*, 218 N. C., 505, 11 S. E. (2d), 473; *S. v. Morgan*, 225 N. C., 549, 35 S. E. (2d), 621; *S. v. Johnson*, 227 N. C., 587, 42 S. E. (2d), 685; *S. v. Snead, ante*, 37.

New trial.