STATE OF NORTH CAROLINA v. LARRY DENNIS BROWN.

(Filed 17 April 1968.)

1. Criminal Law § 105—

Where defendant introduces evidence, only the correctness of the denial of the motion to nonsuit made at the close of all the evidence is presented on appeal.

2. Larceny § 7—

Evidence in this case *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of felonious larceny.

3. Criminal Law § 106—

If there is more than a scintilla of competent evidence to support the allegations in the warrant or bill of indictment, nonsuit is properly denied.

4. Criminal Law § 162—

Exception to the admission of evidence is waived by permitting evidence of like import to be introduced thereafter without objection.

5. Criminal Law § 97—

The trial court has discretionary power to permit the State to introduce additional evidence after both sides have argued to the jury.

6. Criminal Law § 85—

Where a defendant takes the stand as a witness he may be cross-examined with respect to prior criminal convictions and prior indictments returned against him for similar or like offenses.

7. Same—

Defendant is not prejudiced by cross-examination as to his juvenile record where he admits numerous convictions which occurred after he reached the age of sixteen.

APPEAL by defendant from McLean, J., at September Special Criminal Session, 1967, of WAKE.

Defendant was tried upon a valid bill of indictment charging him with the larceny of $515.69, the property of the Forest Drive-In Theater, and with receiving said $515.69 knowing it to have been feloniously stolen or taken in violation of G.S. 14-71. From a verdict of guilty as charged and a judgment of the Court that the defendant be confined in the common jail of Wake County for a period of not less than nine years nor more than ten years to be assigned to work under the supervision of the State Department of Correction as provided by law, the defendant appeals. The facts sufficiently appear in the opinion.

*Attorney General T. W. Bruton and Staff Attorney Andrew A. Vanore, Jr., for the State.*

*Vaughan S. Winborne for defendant appellant.*

MORRIS, J. Defendant assigns as error the failure to allow his motion for judgment of compulsory nonsuit made at the close of the State's evidence and renewed at the close of all the evidence.

Since the defendant introduced evidence in his own behalf, his assignment of error must be directed to the Court's refusal to grant his motion for compulsory nonsuit at the close of all the evidence. *State v. Howell,* 261 N.C. 657, 135 S.E. 2d 625; *State v. Weaver,* 228 N.C. 39, 44 S.E. 2d 360; 2 Strong, N. C. Index 2d, Criminal Law, § 105, p. 653.

J. A. Woodham testified: That on 22 June 1967, he was employed as the manager of the Forest Drive-In Theater. On that day he received a payroll check in the amount of $515.69 for the Forest Drive-In Theater. He took this check to the Wachovia Bank located on U. S. No. 1 North at the intersection of Hodges Street and U. S. No. 1, Raleigh, North Carolina. This was approximately 4:00 o'clock in the afternoon. While at the bank he cashed the check and "received the money and placed it in the bank bag and zipped it back up." He then took the bank bag containing the money he had just received out to his car and placed it under the front seat on the driver's side and drove directly to his home, which is approximately three and one-half miles from the bank.

Upon arriving home, he got out of his car, walked around to the back of his garage, which is located at the side of his house, and went inside. While inside the garage, he went over to his work bench for just a few minutes and then turned around and headed back to the family room. He looked out a window from which he could see his driveway and his car and saw a colored man come up the driveway and proceed toward his car. While watching through the window, he saw the colored man reach under the front seat of his car and remove the bank bag which contained the money. He then ran out of the house and tried to apprehend the colored man. He chased the colored man for about a block, but at the end of the block the colored man entered a Chrysler automobile, about a 1962 model, driven by another person. As the car was driven off, he was able to take down the license number of the Chrysler.

Mr. Woodham positively identified the defendant as the man who stole the bank bag containing the money. He stated: "I observed the person who took my money . . . I see the person who I have testified took the money from my car on the 22nd day of June, 1967, in the courtroom. That is him definitely. I am pointing to this colored fellow, the defendant, Larry Dennis Brown."

After both parties had rested and had argued to the jury, the trial judge, in his discretion, allowed the State to reopen the case.

STATE v. BROWN.

Mr. Woodham was again called to the stand. He stated that after having endorsed the theater's check, he gave it to the bank teller to cash. The bank teller counted out the money and placed it in a bank bag. Mr. Woodham testified that, of his own knowledge, "there was more than ten 20 dollar bills in that bag at least".

Horace Moore, a detective sergeant with the Raleigh Police Department, testified on behalf of the State. He stated that during the latter part of May, 1967, he saw the defendant in a parking lot located in the city of Raleigh. The defendant had been "under observation for some time". When Detective Sergeant Moore saw the defendant, he was sitting on the right hand seat of a light colored 1961 two-toned Chrysler automobile. Another colored man was sitting in the driver's seat at that time.

The evidence of the State, when considered in the light most favorable to the State as we must do, State v. Overman, 269 N.C. 453, 153 S.E. 2d 44, would permit but not compel the jury to find the following facts:

That J. A. Woodham was the manager of the Forest Drive-In Theater located on U.S. No. 1 North on 22 June 1967. On this date, a sum of money in excess of $200.00 was unlawfully and feloniously stolen from his automobile while it was parked in the driveway of his home. That this money was stolen by a colored man identified as the defendant, Larry Dennis Brown. That the colored man identified as the defendant, Larry Dennis Brown, was chased for about a block. That he entered a Chrysler automobile driven by another. That one month before this time the defendant was seen riding in a similar Chrysler automobile.

The defendant, Larry Dennis Brown, a witness forr himself, testified: That on 22 June 1967, the date of the alleged robbery, he was attending a birthday party behind Washington High School in Raleigh, North Carolina, for a woman named Mallibug. He stated that the party began at 2:30 o'clock in the afternoon and he did not leave until about 7:00 o'clock that evening; that he did not know anything about the robbery; that he did not know Mr. Woodham; that he had never been to the Forest Drive-In Theater; that he had never been to the Wachovia Bank at Farmer's Market; that he had never been convicted of anything but slipping in a wrestling match one night.

The defense then offered the testimony of Delores Fields, Remonya Jacquelyn Perry, John Scipio and Carolyn Lee Hill tending to substantiate the alibi of Larry Dennis Brown. All four testified that they attended the party given for Mallibug and that Larry Dennis

Brown was there from approximately 2:30 o'clock to 7:00 o'clock that evening. Neither the hostess nor the honoree testified.

Defendant's evidence would permit but not compel the jury to find that: Defendant was attending a party behind Washington High School in Raleigh, North Carolina, on 22 June 1967. Defendant was present at the party from 2:30 o'clock in the afternoon until 7:00 o'clock that evening. Defendant had never been to the Forest Drive-In Theater and defendant did not know Mr. J. A. Woodham. Defendant did not go to Mr. J. A. Woodham's home on 22 June 1967, and did not take a money bag from his automobile, and that defendant was not guilty of the crime with which he was charged.

Defendant's motion for judgment as of nonsuit was properly overruled. The circumstances of this case and the attendant facts make it a question for the jury. *State v. Mabry,* 269 N.C. 293, 152 S.E. 2d 112; *State v. Tillman,* 269 N.C. 276, 152 S.E. 2d 159.

If there is more than a scintilla of competent evidence to support the allegations of the warrant or bill of indictment, motion of nonsuit is properly denied. *State v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241.

Defendant's assignment of error No. 7 is taken to the action of the trial judge in allowing Mr. Woodham to testify relating to the amount of money that was contained in the bank bag.

The record shows that Mr. Woodham testified on direct examination that he did not recall how many twenty dollar bills he saw. He was then asked whether there were more than ten or less than ten twenty dollar bills. He answered that there were more than ten. The defendant then objected and was overruled. Mr. Woodham then testified that there were more than ten twenty dollar bills in the bank bag. On cross examination, Mr. Woodham testified that he did not know of his own knowledge how much money was in the bank bag. On redirect, Mr. Woodham stated, "I know of my own knowledge there was more than ten 20 dollar bills in that bag at least". The defendant entered no objection at this point.

"It is thoroughly established in this State that if incompetent evidence is admitted over objection, but the same evidence has theretofore or thereafter been given in other parts of the examination without objection, the benefit of the exception is ordinarily lost." *Shelton v. R. R.,* 193 N.C. 670, 674, 139 S.E. 232.

Assuming, for the point of argument only, that the testimony of Mr. Woodham as to the number of twenty dollar bills in the bank bag was incompetent, the fact that this same testimony was again

elicited on redirect examination without objection from the defendant acted as an effective waiver of his exception. This assignment of error is overruled.

Defendant's assignment of error No. 6 is taken to the action of the trial judge in allowing the State to reopen its case after both parties had concluded their arguments to the jury.

Defendant contends that the discretionary action of the Court in so doing amounted to and was a comment on the evidence and prejudicial to this defendant.

The general rule followed in the majority of jurisdictions is stated in 53 Am. Jur., Trial, § 128, p. 112, as follows:

"The trial judge possesses wide discretionary powers relative to the reopening of a criminal case for the introduction of further evidence after the parties have rested. In his discretion, a criminal case may be reopened for the reception of additional evidence after the case has been submitted to the jury and before their retirement to deliberate on their verdict, and according to the weight of authority, it lies within the sound discretion of the trial court to reopen a criminal case for the reception of additional evidence even after the jury has retired to deliberate on their verdict."

The North Carolina Supreme Court adheres to this rule and has stated that the trial court has discretionary power to permit the introduction of additional evidence after a party has rested, *State v. Coffey*, 255 N.C. 293, 121 S.E. 2d 736, and even after the argument has begun. *State v. Jackson*, 265 N.C. 558, 144 S.E. 2d 584. As stated in *State v. Jackson, supra*, "The trial court had discretionary power to permit the introduction of additional evidence after both parties had rested and arguments had been made to the jury."

We have carefully examined the defendant's exception and assignment of error and find that the trial judge acted well within the limits of his discretion.

Defendant assigns as error the admission, over objection, by the trial judge of certain evidence pertaining to the defendant's criminal record.

The record discloses that the defendant was cross examined by the solicitor as to his juvenile record relating back to 1958 when he was tried and convicted in the Domestic Relations Court of Wake County.

"When a defendant takes the stand as a witness in his own behalf, he 'may be cross-examined with respect to previous convictions of crime, but his answers are conclusive, and the record

of his convictions cannot be introduced to contradict him'. Stansbury, *North Carolina Evidence*, 2d, § 112, *State v. Cureton*, 215 N.C. 778, 3 S.E. 2d 343; *State v. Howie*, 213 N.C. 782, 197 S.E. 611; *State v. Maslin*, 195 N.C. 537, 143 S.E. 2. Likewise, he may be cross-examined with respect to indictments returned against him for similar or like offenses." *State v. Brown*, 266 N.C. 55, 145 S.E. 2d 297.

Here the defendant was questioned concerning his convictions while he was a juvenile. The record discloses that the defendant had a long and varied list of convictions extending from 1958 (when he was about 10 years of age), the majority of which were after he was 16 years of age.

Conceding *arguendo* that there may be cases in which the defendant might be seriously prejudiced by the admissibility into evidence of juvenile convictions, we are unable to see wherein this defendant was so prejudiced nor does it appear that the admission of this evidence could have affected the result of the trial.

All other assignments of error have been carefully considered and are overruled. We deem it unnecessary to discuss them all. In the trial below, we find

No error.

CAMPBELL and PARKER, JJ., concur.