STATE OF NORTH CAROLINA v. RONNIE BERTHA AND WILLIAM RAY ACKER

No. 6926SC106

(Filed 30 April 1969)

1. **Constitutional Law § 32;  Criminal Law § 66—  on-the-scene identification — right to counsel**

Defendant's constitutional rights were not violated when he was brought to the scene of a break-in a few hours after the crime occurred and was

identified by a witness for the State while seated in a police car and under arrest without benefit of counsel and without a formal lineup.

**2. Burglary and Unlawful Breakings § 5;    Larceny § 7—    nonsuit — sufficiency of evidence**

In this prosecution for breaking and entering and larceny, defendant's motions for nonsuit were properly denied where the State's evidence tended to show that prosecutrix' apartment was broken and entered through the rear door and a television, fan, iron and hair dryer stolen therefrom, that on the day in question a neighbor of the prosecutrix saw defendant and his codefendant crouched in shrubbery at the rear of prosecutrix' apartment, that defendant was holding a television set and the codefendant was holding a fan, that they walked toward an empty house, and that the stolen television and iron were found locked in a closet in the empty house.

**3. Burglary and Unlawful Breakings § 6;    Larceny § 8—    instructions — expression of opinion on the evidence**

In this prosecution for breaking and entering and larceny of a television set and other personal property, the trial judge expressed an opinion on the evidence in violation of G.S. 1-180 when he instructed the jury that a witness for the State had testified that she saw defendants with "this" television set in their possession, one of the issues for jury determination being whether the television set which the witness saw in defendants' possession and which she testified was similar to the stolen television was in fact the television stolen from prosecutrix.

**4. Criminal Law § 113—    instructions — statement of material fact not in evidence**

While an inadvertence in recapitulating the evidence is generally deemed waived unless it is called to the trial court's attention in time for correction, an instruction containing a statement of a material fact not shown in evidence must be held prejudicial even though not called to the court's attention at the time.

APPEAL by defendant Acker from *Falls, J.,* at the 30 September 1968 Session of MECKLENBURG Superior Court.

By indictments proper in form, the defendants were charged with breaking and entering and larceny of goods of the value of $200 or more.

The evidence favorable to the State tended to show that Beatrice Rooks left her apartment locked when she went to work at 7:45 a.m. on 9 July 1968. When she returned from work about 5:30 p.m., Miss Rooks discovered that the screen had been cut and the glass removed from the rear door and that her television set, steam iron, hair dryer and electric fan were missing. The apartment building in which the theft occurred consisted of four units, two on the lower floor and two on the upper floor. The Rooks apartment was the lower right unit. Ella Mae Blakeney testified that she occupied

the upper left unit of the building at the time of the larceny; that she saw two persons, later identified as the defendants, crouched in shrubbery at the rear of the Rooks apartment between 4:00 p.m. and 4:30 p.m. on 9 July 1968; defendant Acker was holding a television, defendant Bertha a fan; they then walked toward an empty house. Miss Rooks and Miss Blakeney went to the empty house shortly after 5:30 p.m. and found the stolen television and iron locked in a closet in the abandoned house. Sometime later, after 8:00 p.m., the police came to the apartments and Miss Blakeney identified defendant Acker, who was seated in the police car and under arrest. Miss Blakeney testified that she "had seen the boys around" but did not know their names.

The case was submitted to the jury which found each defendant guilty of both charges. From judgment entered on the verdict, defendant Acker appealed.

*Attorney General Robert Morgan and Staff Attorney Andrew A. Vanore, Jr., for the State.*

*Mercer J. Blankenship, Jr., for defendant appellant.*

BRITT, J.

[1] The first question presented by this appeal is whether the identification of the appellant in the absence of his counsel and without a formal lineup violated his constitutional rights.

The confrontation in this case occurred after 12 June 1967, the effective date of *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149; *Gilbert v. California*, 388 U.S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178; *Stovall v. Denno*, 388 U.S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199.

As the *Wade* and *Gilbert* cases dealt with formal lineup situations, there has been some question as to the extent of application to informal confrontations. Only a few cases have been found where an informal confrontation occurred after the effective date of *Wade* and *Gilbert*. These cases are not in agreement, but the difference may be in the facts. In *Rivers v. United States*, 400 F. 2d 935, 3 Cr. L. 3263 (5th Cir. 1968), the victim was a rural mail carrier. He was shot while making change for the assailant but managed to drive to a house and get help. He was taken to a hospital and treated. The identification occurred as the victim was being transferred to an ambulance for transportation to another hospital, while the appellant was accompanied in the police car by a brother and a cousin.

Noting the absence of clear evidence of the necessity of an immediate confrontation, the court concluded that the identification must be established by means independent of the unlawful confrontation. The court relied heavily on the interpretation of *Wade* given by White, J., in his dissent: "The rule applies to any lineup, to any other techniques employed to produce an identification and a fortiori to a face-to-face encounter between the witness and the suspect alone, *regardless of when the identification occurs, in time or place, and whether before or after indictment or information.*" (Emphasis added.)

The *Rivers* case was followed in *United States v. Kinnard*, 294 F. Supp. 286, 4 Cr. L. 2141, where the District Court for the District of Columbia asked for guidance from the Court of Appeals for that district. This call was answered by the Court of Appeals for the District of Columbia in *Russell v. United States*, 4 Cr. L. 2349, where the court held that the on-the-scene identification of a thief at 5:00 a.m. almost immediately after the theft was permissible.

We think the decision in *Russell* is applicable to the facts in the instant case and that defendant's constitutional rights were not violated by the out-of-court identification complained of. The assignment of error relating thereto is overruled.

[2]   Appellant's next assignment of error relates to the failure of the trial court to grant his motion for nonsuit interposed at the close of the State's evidence and renewed at the close of all the evidence.

Without restating the evidence, we hold that appellant's motions were properly overruled. If there is more than a scintilla of competent evidence to support the allegations of the warrant or bill of indictment, motions of nonsuit are properly denied. *State v. Kelly*, 243 N.C. 177, 90 S.E. 2d 241. The circumstances of this case and the attendant facts make it a question for the jury. *State v. Brown*, 1 N.C. App. 145, 160 S.E. 2d 508; *State v. Mabry*, 269 N.C. 293, 152 S.E. 2d 112.

[3]   Appellant assigns as error the following excerpt from the trial judge's instructions to the jury:

"* * * [B]ut as I recall the testimony of Ella Mae Blakeney, she saw these two defendants standing in bushes at the rear of the apartment house with *this* television set and the iron in their possession and that she saw them take it *to* this abandoned house.

Now, members of the jury, if you find those to be the facts from

the evidence and beyond a reasonable doubt, the court instructs you that would constitute recent possession in this case." (Emphasis added.)

The statement as to the testimony is clearly inaccurate. One of the issues to be decided by the jury was whether the television set which Miss Blakeney saw in appellant's hands and which she testified was similar to the stolen television, was in fact the stolen television. By referring to "this" television set, the court in effect established the television set in the hands of appellant as being the stolen property. Furthermore, Miss Blakeney testified that she saw the defendants carrying the television set and the fan *toward* the abandoned house.

[4] Generally, an inadvertence in recapitulating the evidence must be called to the trial court's attention in time for correction, otherwise it is waived. *State v. Cornelius*, 265 N.C. 452, 144 S.E. 2d 203. However, an instruction containing a statement of a material fact not shown in evidence must be held prejudicial even though not called to the court's attention at the time. 3 Strong, N.C. Index 2d, Criminal Law, § 113, p. 15, citing numerous authorities.

The assignment of error is well taken. We hold that the court's instruction constituted an opinion on the evidence in violation of G.S. 1-180 and the error was sufficiently prejudicial to entitle the appellant to a new trial. It is so ordered.

New trial.

MALLARD, C.J., and PARKER, J., concur.