STATE OF NORTH CAROLINA v. ZEBBIE JUNIOR HINES

No. 7529SC450

(Filed 5 November 1975)

**Homicide § 21— death by shooting — sufficiency of evidence**

Evidence in a second degree murder prosecution was sufficient to be submitted to the jury where it tended to show that defendant was married and deceased was his lover, their affair was terminated several weeks prior to the date of the shooting, defendant threatened to kill deceased, four days before the shooting defendant went to deceased's home with a pistol and waited from 3:15 a.m. until 6:30 a.m. for her to return, on the date of the crime defendant and deceased engaged in an argument, defendant drove deceased in his vehicle to a deserted area, deceased was fatally shot with defendant's pistol, no powder burns were found on deceased's clothes, defendant's pistol would not easily fire by accident, and immediately after the shooting defendant told a friend that he had shot his wife, that he had "done messed up.".

APPEAL by defendant from Baley, Judge. Judgment entered 20 March 1975 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 18 September 1975.

Defendant was charged in a bill of indictment with the murder of Cheryl Ann Wilkie on 21 November 1974. The district attorney announced that the State would not try defendant on a first degree murder charge, but would seek a verdict of guilty of second degree murder or manslaughter, as the evidence may warrant.

The State's evidence tended to show the following: Defendant and deceased had been going together for some time, but had stopped going together about three or four weeks before 21 November 1974. Defendant threatened to kill deceased. On 17 November 1974, at about 3:15 in the morning, defendant went to the home of deceased. The deceased was not there, but her sister was. Defendant waited, sitting on deceased's bed with

State v. Hines

his pistol beside him, until 6:30 the same morning. Defendant left the house and returned about 9:30 the same morning. Deceased still had not returned home.

On 21 November 1974 defendant and deceased talked together on the sidewalk, got into defendant's car, and drove away. About twenty minutes later defendant carried deceased to the hospital. She was dead on arrival at the emergency room. She had been shot one time through the heart and lung with a .25 caliber pistol. No powder burns were observed on deceased's clothing.

The State offered defendant's statement to the investigating officers. Defendant stated that deceased came to a friend's apartment where defendant was a guest. Deceased began to argue noisily with defendant, and defendant suggested that they go somewhere else to continue their discussion. They rode in defendant's vehicle to the scene of the shooting. Defendant stated that deceased argued that she would not give up defendant to someone else. Deceased removed part of her clothing and tried to get defendant to make love to her. Defendant stated that he reached in the console between the two front seats to get a pack of cigarettes. Deceased saw the .25 caliber automatic pistol in the console and grabbed for it. Defendant grabbed the pistol in his right hand, and deceased pulled defendant's arm towards her. The pistol discharged, striking deceased in the chest.

Defendant stated to another officer that after he stopped his vehicle, he and deceased got out. When he refused to make love to her, she pulled out a .25 caliber automatic pistol and threatened to shoot both defendant and deceased. They struggled over the pistol, and it discharged.

The State offered evidence which tended to show that the .25 caliber automatic pistol would not fire unless it was cocked, the safety released, and pressure applied to the trigger.

Defendant offered no evidence.

The jury found defendant guilty of voluntary manslaughter, and judgment of imprisonment was entered.

*Attorney General Edmisten, by Associate Attorney T. Lawrence Pollard, for the State.*

*George R. Morrow, for the defendant.*

BROCK, Chief Judge.

Defendant argues that it was error to deny his motion for nonsuit. It is his contention that the defendant's statements offered by the State are completely exculpatory and entitle him to a dismissal of the charge. In offering these statements, the State is not precluded from offering evidence to show the facts are different from those stated by defendant.

All of the State's evidence surrounding the actual shooting is circumstantial. "When the motion for nonsuit calls into question the sufficiency of circumstantial evidence, the question for the Court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that defendant is actually guilty." *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49 (1968).

If there is more than a scintilla of evidence, direct or circumstantial, or both, to support the allegations of the indictment, it is the court's duty to submit the case to the jury. *State v. Brown,* 1 N.C. App. 145, 160 S.E. 2d 508 (1968).

The circumstances presented by the State's evidence justify a finding by the jury that defendant was married; that deceased was defendant's extramarital lover; that the affair between defendant and deceased was terminated several weeks prior to 21 November 1974; that defendant threatened to kill deceased; that on 17 November 1974 defendant went to deceased's home with a pistol and from 3:15 a.m. to 6:30 a.m. waited for deceased to return; that on 21 November 1974 defendant and deceased engaged in an argument; that defendant drove deceased in his vehicle to a deserted area; that deceased was fatally shot through the heart and lung with defendant's .25 caliber automatic pistol; that no powder burns were found on deceased's clothes; that defendant's .25 caliber automatic pistol would not easily fire by accident; and that immediately after the shooting, defendant told a friend he had shot his wife, that he had "done messed up."

The foregoing, we think, required submission of the case to the jury.

No error.

Judges VAUGHN and MARTIN concur.