State v. Davis

---

STATE OF NORTH CAROLINA v. TOMMY DAVIS

No. 7516SC1027

(Filed 5 May 1976)

1. Criminal Law § 169— evidence admitted over objection — similar subsequent testimony allowed — no prejudice

In a second degree murder prosecution, defendant was not prejudiced by the trial court's admission of testimony by a police officer that defendant, in making a statement at the time of his arrest, did not volunteer any information with respect to his victim having a weapon or defendant's having to defend himself, where defendant subsequently made statements to the same effect on cross-examination.

---

State v. Davis

---

**2. Criminal Law § 169— evidence improperly excluded — no prejudice**

   In a prosecution for second degree murder, the trial court's error in excluding defendant's testimony as to things the victim said to defendant prior to the homicide was not prejudicial to defendant.

ON *writ of certiorari* to review proceedings before *Godwin, Judge.* Judgment entered 14 April 1975 in Superior Court, ROBESON County. Heard in the Court of Appeals 6 April 1976.

Defendant was indicted for the first degree murder of Edward Brewer. When the case was called for trial the district attorney announced that the State would seek no verdict greater than second degree murder.

Evidence by the State tended to show that Edward Brewer and his brother were shooting pool at the Patio Club. As the brothers started to leave the poolroom and enter another room in the Club defendant drew a revolver and shot Edward Brewer.

Testimony by the detective who investigated the shooting and arrested defendant indicated that defendant made a statement to the effect that Brewer and defendant argued, and defendant shot Brewer.

Defendant presented testimony by himself and others that Brewer grabbed him and then followed him as he left the poolroom and pulled a gun on defendant. Defendant then shot Brewer "because I was fearful he would shoot me."

From a verdict of guilty of second degree murder, and a thirty year prison term, defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney David S. Crump, for the State.*

*J. H. Barrington, Jr., for defendant appellant.*

ARNOLD, Judge.

**[1]** The investigating officer testified concerning the statement defendant had made at the time of his arrest. Over objection the officer stated that defendant did not volunteer information with respect to Edward Brewer's having a weapon or defendant's having to defend himself.

Appellant contends that it was error to allow the officer's testimony, and that he did not volunteer such information because he was merely exercising his Fifth Amendment rights.

State v. Davis

On cross-examination defendant himself testified that the officers advised him of his constitutional rights, and that he [defendant] made a statement to the effect that he shot Brewer, "and that's all I said. I didn't tell them at that time that I had to shoot him in self defense, because I didn't feel like talking right then. I didn't even bother to tell them that he had a gun at that time." There was no objection to this testimony.

The established rule provides that where incompetent evidence is admitted over objection, but the same evidence is thereafter admitted without objection, the benefit of the objection is ordinarily lost. Stansbury, N. C. Evidence (Brandis Rev.) § 30, citing *Shelton v. R. R.*, 193 N.C. 670, 139 S.E. 232 (1927). See also *State v. Brown*, 1 N.C. App. 145, 160 S.E. 2d 508 (1968).

[2] During defendant's direct examination he testified that Brewer grabbed him and "he [Brewer] said wasn't nobody going to play no pool in here tonight" and that Brewer "told me not [to] walk away from him." The trial court immediately sustained an objection by the district attorney and instructed the jurors not to consider anything that the deceased said to defendant.

A second objection was sustained when defendant again stated that Brewer "told me not [to] walk away from him." The trial court then instructed the defendant: "You may not tell anything that Edward Brewer said to you."

While we agree with defendant's contention that the court erred in sustaining the objections and instructing the jury not to consider anything Brewer said to defendant, we nevertheless feel that the error was harmless beyond a reasonable doubt. All of defendant's evidence relevant to self-defense tended to show that Brewer grabbed defendant by the collar and shook him; that defendant left the poolroom but was followed by Brewer who pulled a gun on defendant; and that defendant shot Brewer in self-defense.

The record does not reflect, nor does defendant contend, that defendant would have testified that Brewer made any statements except those objected to by the district attorney. Although the exclusion of the statements by the trial court was error, it was not prejudicial to defendant. The "bare possibility" that defendant may have suffered prejudice is not enough to reverse the jury's verdict. See *State v. Best*, 280 N.C. 413, 186

S.E. 2d 1 (1972) ; *State v. Holden,* 280 N.C. 426, 185 S.E. 2d 889 (1972).

We hold that defendant received a fair trial without prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.