STATE OF NORTH CAROLINA v. LAMONT NEIL CARRUTHERS

No. 8521SC1320

(Filed 5 November 1985)

1. **Criminal Law §§ 75.1, 76.7— confession—not coerced—findings regarding police promises and defendant's request for an attorney supported by evidence**

 The trial court did not err in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury and felonious breaking or entering with intent to commit larceny by denying defendant's motion to suppress his inculpatory statement on the grounds that it was involuntary and coerced where the evidence was uncontradicted that defendant was handcuffed

the entire time he was in police custody but was not handcuffed to a chair the entire time, defendant testified that he was offered food and was allowed to get water, and defendant accompanied officers to the scene of the crime. Although there was conflicting evidence as to whether defendant and his roommate were promised protection and as to whether defendant requested an attorney during the interrogation, the court's findings that no promises by officers induced defendant to make his statement and that defendant changed his mind and said he wanted to talk on his own initiative after asking for an attorney were supported by competent evidence in the record.

2. **Criminal Law § 114.4— felonious assault and felonious breaking or entering— misstatement of the evidence in jury instruction—prejudicial expression of opinion**

   Defendant was entitled to a new trial on the breaking and entering charge in a prosecution for assault with a deadly weapon and felonious breaking or entering where the trial court impermissibly expressed an opinion and stated a material fact not in evidence during the jury instruction in that the court stated that defendant waited in some pine trees while his companions threw bricks through a window of a school; defendant's statements were only that he heard glass breaking; and the evidence of defendant's guilt was not overwhelming.

3. **Criminal Law § 138— assault with a deadly weapon inflicting serious injury— sentence exceeding presumptive term—no error**

   The trial court did not err in sentencing a defendant convicted of assault with a deadly weapon inflicting serious injury to a term of five years, rather than the presumptive term of three years, where the court found that the one aggravating factor of prior convictions outweighed the one mitigating factor of a minor role in the commission of the offense. In view of evidence that defendant had at least three convictions of felonious larceny and two convictions of felonious breaking or entering, there was no abuse of discretion.

APPEAL by defendant from *Freeman, Judge.* Judgments entered 1 August 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 30 August 1985.

Defendant was charged in bills of indictment with assault with a deadly weapon with intent to kill inflicting serious injury and with felonious breaking or entering with intent to commit larceny. He was found guilty of assault with a deadly weapon inflicting serious injury and felonious breaking or entering. From judgments imposing sentences of five years for the assault conviction and ten years for the breaking or entering conviction, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Wilson Hayman, for the State.*

*A. Carl Penney, for defendant appellant.*

JOHNSON, Judge.

The State presented evidence tending to show that a Winston-Salem police officer, while on patrol, noticed a broken window in Mt. Tabor School. He drove his vehicle up to the school, got out, examined the window and saw two bricks on the floor inside of the window. As he was preparing to report by radio, he heard a noise behind him. He turned around and saw a man pointing a gun at him. The policeman threw up his arm, hitting the gun, and the gun discharged, striking the officer's arm. The man with the gun then ran. The officer gave chase and saw the gunman go around a building. The next thing he heard was a car start up and drive away. He never saw the gunman again. Other officers arrived and found three loose bricks inside of the broken window, which was approximately six feet high, two to two and one half feet wide, and two feet off of the ground. Nothing was discovered missing from the school.

Defendant gave a statement in which he stated he received a call from Floyd Walters stating that he "had a job lined up." He met Walters at a corner and got in the car with Walters. Two other people were in the automobile. They drove to Mt. Tabor School where Walters parked the car near some pine trees. The four of them got out of the car and walked toward the school. Walters had a gun in his pocket and two others were carrying a bag. Defendant remained in the pines and served as a lookout. A short time later, defendant heard glass breaking. About 15 to 20 minutes later, he saw a car pulling up and he warned the others. As he was returning to the car, he heard a shot. He dove into the car, followed by two of the other men. Walters returned last.

Defendant also took law enforcement officers out to the scene and retraced his steps on the evening of the incident, pointing out where they parked the car, where he stood as a lookout, the directions the others walked, the direction from which the intruding police car came and where it parked.

The State also presented evidence that defendant had served the police as an informant, and had told police that Walters would

be breaking into another school two nights previous to the present incident. The police staked out this school that evening but no break-in ever occurred.

Defendant recanted his confession at trial. He testified that he gave the confession because of police coercion and that he had obtained the information he had given the officers from news reports.

[1] Defendant first contends that the court erred in denying his motion to suppress his inculpatory statement because it was involuntary and coerced through prolonged physical restraint and detention, psychological ploys, threats or promises, and was obtained after denial of counsel. He contends that there was evidence that he was handcuffed to a chair or with his hands behind his back for more than five hours, that he was promised protection for himself and his roommate from retaliation from people whom defendant might incriminate, and that defendant requested an attorney during the interrogation.

In order for prolonged questioning or restraint to amount to coercion rendering a confession involuntary, there must be a showing that the defendant was subjected to deprivation or abuse in the course of questioning. *State v. Morgan*, 299 N.C. 191, 261 S.E. 2d 827, *cert. denied*, 446 U.S. 986, 64 L.Ed. 2d 844, 100 S.Ct. 2971 (1980); *State v. Booker*, 306 N.C. 302, 293 S.E. 2d 78 (1982). Such a showing is absent in the present case. Defendant himself testified that he was offered food and was allowed to get some water. While the evidence is uncontradicted that defendant was handcuffed the entire time he was in police custody, he was not handcuffed to a chair the entire time. Not only was he allowed to get water, he accompanied the officers by automobile to the scene of the crime. The mere fact that he was handcuffed does not constitute abuse. There is no evidence that defendant was subjected to relentless questioning or bullying by the police.

The evidence in the present case is conflicting as to whether defendant and his roommate were promised protection and as to whether defendant requested an attorney during the interrogation. When there is a material conflict in the evidence at a voir dire hearing upon a motion to suppress an inculpatory statement, the court must make findings of fact to resolve the conflict. *State v. Riddick*, 291 N.C. 399, 230 S.E. 2d 506 (1976). The court

resolved the conflicts in the present case by finding that no promises, offers of reward or inducements were made by any law enforcement officer to induce defendant to make any statement. It also found that defendant initially stated that he did not want an attorney and he did not want to talk. Later, however, as the officers were leaving, defendant, on his own initiative changed his mind and said he did want to talk. We have reviewed the record and find these findings are supported by competent evidence in the record. They are therefore conclusive. *State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976). The motion to suppress was properly denied.

[2] ˙The next contention we address is defendant's contention that the court misstated the evidence and impermissibly expressed an opinion when in its summarization of the evidence, it stated that the State's evidence tended to show that:

> the defendant, Lamont Carruthers, waited up in some pine trees where he could see all the entrances to the school *while the other three defendants went down to the school and threw bricks through the window and broke the window open* and that shortly after they had thrown the bricks through the window, the defendant observed Officer R. G. White's police car coming onto the school ground. (Emphasis added.)

Defendant objected to the court's instruction at trial on the ground that there was no evidence that defendant's companions threw bricks through the window. The court refused to correct its instruction.

In *State v. Bertha*, 4 N.C. App. 422, 167 S.E. 2d 33 (1969), the defendants were charged with the breaking and entering of a lady's apartment and the larceny therefrom of, *inter alia*, a television set and an electric fan. A neighbor testified that she saw the defendants crouched in some shrubbery behind the lady's apartment holding a television and fan, and saw them walking toward an abandoned house, where the victim subsequently found the stolen items. The court instructed the jury that the neighbor saw the defendants with "this television set" and saw them take it to the abandoned house. This Court held that the trial court impermissibly expressed an opinion that the television set in the hands

of defendant was the stolen set by referring to "this" set. The Court noted:

> Generally, an inadvertence in recapitulating the evidence must be called to the trial court's attention in time for correction, otherwise it is waived. However, an instruction containing a statement of a material fact not shown in evidence must be held prejudicial even though not called to the court's attention at the time. (Citations omitted.)

*Id.* at 426, 167 S.E. 2d at 35.

Similarly, in *State v. Hardee*, 3 N.C. App. 426, 165 S.E. 2d 43 (1969), the trial court impermissibly expressed an opinion when it assumed in its instructions that defendant fired the fatal shot, although the defendant admitted shooting at the victim and the evidence showed that the victim fell to the ground as the defendant was chasing him and shooting at him, and that the victim died of gunshot wounds in the chest. This Court stated that it was for the jury, not the judge, to say whether defendant fired the fatal shot.

In the present case there is no direct evidence that defendant's companions threw bricks through the window. Defendant only stated in his oral and written statement that he heard glass breaking; he did not see, nor did he say, that his companions threw bricks through the window. While the jury could have inferred from the State's evidence that defendant's companions threw the bricks through the window, this inference was for the jury, not the court, to make. The court, therefore, impermissibly expressed an opinion and stated a material fact not in evidence, it being necessary to prove that persons with whom defendant was acting in concert broke into the school. The evidence of defendant's guilt is not overwhelming. Other than defendant's statement, the State had little or no evidence against defendant. We hold defendant, having brought the error to the trial court's attention and preserved the question for review, is entitled to a new trial on the breaking or entering charge. *State v. Bertha, supra; State v. Hardee, supra.*

In light of this disposition, we need not consider defendant's remaining assignments of error relating to the breaking or entering charge as they may not recur at retrial. We will address two

In re Helms

of the remaining assignments of error as they relate to the conviction for assault with a deadly weapon inflicting serious injury.

The first of these is that the court erred in denying defendant's motions to dismiss the charges for insufficiency of the evidence. Defendant makes no argument that the evidence was insufficient to support a conviction for assault with a deadly weapon inflicting serious injury. Suffice it to say, the evidence was sufficient to support the conviction.

[3] The other assignment of error is that the court abused its discretion in sentencing defendant to five years for the conviction for assault with a deadly weapon inflicting serious injury, which exceeded the presumptive term of three years. The court found that the one aggravating factor it found, that defendant had prior convictions, outweighed the one mitigating factor it found, that defendant played a minor role in the commission of the offense. In view of the evidence that defendant had at least three convictions of felonious larceny and two convictions of felonious breaking or entering, we find no abuse of discretion.

The results are:

No. 84CRS25100: No error.

No. 84CRS25101: New trial.

Judges EAGLES and PARKER concur.